Introduction      Spirit Introduction to an on A on a on A on a on A on A   on A on A on A on Next case is number 09-7006, David Henderson against the Secretary of Veterans Affairs. Let's see, Mr. Stover. Good morning, your honors. May it please the court, Tom Stover on behalf of David L. Henderson. Mr. Henderson believes that the resolution of this case turns on the answer to two questions. The first is, is 38 U.S.C. 7266 more like a statute of limitations or more like a time for review? We think that well-settled precedent in this court answers that question. The decision in Ajayquay deals with that directly. An en banc panel of this court concluded that 7266 is like a statute of limitations because it provides the first opportunity for a veteran to obtain review by an independent adjudicative body outside the Department of Veterans Affairs. The second question that we think this case turns on is what did Congress intend for 7266? The decision in Bowles directs the court to look at the intent of Congress when considering whether or not a statute is jurisdictional. And Justice Breyer's opinion in John R. Sand and Gravel is very instructive on this point. There Justice Breyer said that when dealing with statutory interpretation stare decisis is very important because Congress always has within its power the ability to correct a perceived error by the court. That is to say that Congress can always go back and essentially overrule a decision by a court. In this case, Congress has had the opportunity to rewrite 7266 and in fact did rewrite 7266 after this court's decision in Bailey. Do you agree that our decision, the reasoning of our decision in Bailey is inconsistent with Bowles? No, your honor, I don't. So the reasoning of Bailey is that equitable tolling is available both for statutes of limitations and time for review provisions, right? I think the reasoning of Bailey is that equitable tolling is available for 7266. Well, yes, that's the ultimate conclusion. But isn't my statement correct that the reasoning of Bailey is that there are that Irwin and equitable tolling is available for time for review provisions as well as statutes of limitations? I think the implication of the court's holding is what your honor says, that yes. That's very explicit, isn't it? I mean, as I read the decision, it says that several times that there's no difference between the two. I think that in several places, the court does equate certain types of time for review provisions with statutes of limitations. Yes, your honor. And Bailey doesn't decide explicitly whether this statute is a time for review provision or a statute of limitations. It does not, but Jakeway does in no uncertain terms say that 7266 is a statute of limitations. So if we were just dealing with Bailey, would you agree that Bowles calls it into question because it calls the reasoning into question? No, your honor, I would not because I think the reasoning remains sound. I think what the court did is exactly what Justice Thomas instructed. I don't understand how the reasoning remains sound. If we said, as I think we did, that equitable tolling applies to time for review provisions, that's inconsistent with Bowles. Is it not? No, your honor. No? No. Why not? Because what Justice Thomas said in the Bowles decision is that courts should look to the intent of Congress. That's what Justice Thomas did in interpreting 2107. And what this court did in Bailey is also look to the intent of Congress. And this court, particularly Judge Michelle's concurring opinion, now Chief Judge Michelle's concurring opinion, made it very clear. I don't understand why you want to rely on the concurring opinion, but I was talking about the majority. I understand that. And the majority says something which seems to be inconsistent with Bowles. The majority says equitable tolling applies to time for review provisions. Bowles says it doesn't. So I mean, the result might be justified on another ground. Maybe Jockway changed the reasoning. But if you take Bailey just by itself, it seems to me you've got a problem, that the reasoning is inconsistent with and didn't surround it with the further refinements that have been made in cases like Jockway and Santana-Venegas and Barrett and Arbus and others, you might have a closer question. But I continue to go back to what Justice Thomas did in the Bowles decision. And that is to look very specifically at what the intent of Congress was. And I think that this court, the majority panel of this court in Bailey did exactly that. They went back to look at what Congress intended for 7266. And our argument is they got it right. Because Congress had an opportunity to write equitable tolling out of 7266, but they chose not to do it. So by its acquiescence in the statute, we think that Congress reaffirmed the decision in Bailey. You look unsatisfied. I'm not telling you whether I'm satisfied or not. You have to learn that later on. I understand. I understand. What's the part of Jockway that you rely on as changing the rationale for Bailey? Well, the language in Jockway is very specific. And if you give me a minute, I can direct you to it. I'm looking at page 1286 of the opinion in Jockway. The court writes, the filing of a notice of appeal at the veterans court like the filing of a complaint in a trial court is the first action taken by a veteran in a court of law. And it goes on and it very clearly equates 7266 with the statute of limitations as opposed to 2107 or a comparable time for review statute. Well, I'm not seeing where it says it's 7266 as a statute of limitations. Does it say that explicitly? Your Honor, I believe it does, but I don't want to eat up too much of my time here. I'm happy to take a look and tell you, point to it in my rebuttal. Okay. You yielded your time to your amicus. Are you still willing to do that? Yes, Judge. Okay. Mr. Totaro. May it please the court, Martin Totaro for amicus Alan Halstead, who has a case pending before this court that raises the same issues presented in this appeal. I'd like to add just two points to the arguments presented by Mr. Henderson's counsel. First, Bulls has no application here because the text of the statute at issue in Bulls speaks in terms that made it clear that it was jurisdictional, while the text of the statute at issue here, section 7266A, speaks in terms that makes it most naturally read as the limitations period subject to equitable tolling. Second, even if Bulls were relevant, the proper form for this, the prior precedent rule still requires reversal. Turning to the first issue, as addressed on pages 21 through 23 of our brief, the statute in Bulls is most naturally read as a jurisdictional limitation because it addresses the power of the courts to hear an appeal. It states, no appeal shall bring any judgment before a court of appeals unless a timely filing occurs. It also sets forth limits on the power of best read as a limitation on jurisdiction that does not permit any judge-made exceptions. By contrast, the statute at issue here is not framed in terms of the power of the court. Rather, because it speaks to what a veteran must do to bring his claim. But Bulls didn't speak about the specific language. It made a general statement about time for review provisions being jurisdictional. Your Honor, the statement you're referring to is that today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. And that statement occurs after the court addressed the text of section 2107C, specifically stating that district courts have limited authority to extend the deadline. And it also referred to the text of federal rule of appellate procedure A. And the heading of federal rule of appellate procedure A specifically says, appeal in a civil case. So I think it would be an overbroad reading of Bulls to extend it to all time of review provisions. Rather, I think the proper... No, they said it. It said it after undertaking an analysis of the statute and the federal rule of appellate procedure, whose heading is appeal in a civil case, just as in the potentially broad statement in Bulls. Rather, the court here should focus on the particular text of the statute as it did on the military court. We have some indication that courts that are not Article III district courts are also reading these statements strictly on the argument that this is a waiver of immunity and so on. Why should this be any different? Respectfully, the Court of Appeals for Armed Forces erred in its Rodriguez decision. It was a 3-2 decision, and the two dissents are particularly compelling. The statute issue there stated that the accused may petition within 60 days, again, focusing on the behavior of the parties rather than the power of the court. And just as Judge Ephron's dissent noted that Article 67B is not like the statute edition in Bulls because of that very distinction, and second, Judge Baker's dissent emphasized how the military system is fundamentally distinct from the civil system, and that applies here as well because of the uniquely benevolent system for veterans' benefits. In Zipes versus TWA, cited in the government's brief on page 8, the Supreme Court explained that where a deadline does not speak in jurisdictional terms or refer in any way to the jurisdiction of the court, but rather focuses on what a party needs to do, it cannot be treated as jurisdictional. The principle announced in Zipes applies with full force here. Because the statute here focuses on what a party must do, it is not a jurisdictional provision. Rather, it is more naturally read as a limitations period subject to equitable tolling, as this court has held twice en banc in both Bailey and Jaquay. That reading of Section 7266A is particularly appropriate, given that this statute is part of the uniquely benevolent system to take care of those who are injured serving their country. It is hard to imagine that Congress intended the harsh and unforgiving rule of Bulls to apply to veterans seeking judicial review on the ground that they had been denied the care the law entitles them to. If Congress did have that intent, it knew how to say so. For example, it could have used the kind of language found in the statute in Bulls, but it did not. Rather, it used the language of a statute of limitations prescribing a time period for a veteran, not a limit on the power or scope of the court's authority. I see that my time has run. If you would like me to address the second issue about the prior precedent rule, I would be happy to. If not, we're happy to stand on our briefs. I think we are out of time, and this is a controlling issue that must be resolved. Let's hear from the government. We'll see what's left in your rebuttal time. Thank you, Your Honor. Mr. Hughes. May it please the Court. 7266 is a timing of review provision. Under Bulls, which clearly establishes that timing of review provisions are mandatory and jurisdictional, 7266 is no longer subject to equitable tolling. At the time Mr. Henderson filed his notice of appeal, was he represented by counsel? He was not represented by counsel at the time he filed his notice of appeal, Your Honor. Okay, and at the time that 7266 was passed, I guess the law as to representation has been changed, but my recollection is at the time 7266 was passed, a veteran was not allowed to have an attorney until after the first board decision. Is my recollection about that correct? Yes, Your Honor. With the caveat, I think the veteran may have been permitted to retain an attorney. He could not get attorney fees for representation. And also, he was entitled to representatives from service organizations, which, in fact, Mr. Henderson was represented by a service organization at the board level. He filed a notice of appeal pro se, at least that's my reading of the record, but he was represented at the board, at least the board's decisions note that he was represented by a service organization. In interpreting 7266 as to whether, and it certainly is a time for review provision, but in interpreting it as to whether it should be mandatory and jurisdictional, is it relevant that there was no right to paid counsel until after the board concluded its work, unlike the usual situation with respect to a district court and a court of appeals? I don't think so, Your Honor, because what I think is important is that when Congress enacted the timing of review provision in 7266, they were doing it in the backdrop of what Bowles has now recognized is over 100 years of precedent, the timing of review provisions to courts of appeal are mandatory and jurisdictional. Well, that's certainly true, but this seems to be unique in the sense that at the time of the filing of the notice of appeal, you're not dealing with a situation where somebody would have already retained counsel and the counsel would be responsible for the filing of the notice of appeal. By statute, you're basically dealing with a situation in which the veteran is going to have to do it on his own and isn't it appropriate to be more demanding when somebody is at least able to retain counsel than when the person is pretty much forbidden to have counsel up until the board decision is rendered? Well, that's true, Your Honor, but the fact is, as you say, you may obtain counsel after a final board decision. So it is not as if a veteran is forced to file a notice of appeal him or herself. In fact, the veteran can engage counsel as soon as that negative board decision is reached. So they can file the notice of appeal with counsel. But beyond that, that's essentially an argument, I think, for the fact that this notice of appeal provision should be accepted out because of the unique nature of the veteran system. And I don't think that there's anything in Bowles that would permit that. And there's nothing else in any of the other Supreme Court precedent or this court's precedent. Indeed, this court and the Supreme Court have held that when interpreting rules of law that are common across the jurisprudence, like the time for appeal or like the harmless error rule, it has to be interpreted in the same way. Just this term, the Supreme Court decided the harmless error rule that's applicable to the APA should be applied in the same way by the Veterans Court. So the uniqueness of the VA system, I think, is my opponent's strongest argument, to be candid. I think that that certainly plays into effect there. But the fact is, Congress enacted in 7266 a notice of appeal provision that is much like almost any other notice of appeal provision. The MECAS wants to make some specific language distinctions between 2107 and 7266. They may hold up when you compare those two. But when you start adding in other notice of appeal provisions, like the one to this court, from veterans cases in 7292, it looks a whole lot more like 7266 than 2107. And certainly, there's no suggestion that the time to appeal to this court could be told. Likewise, the language in 7266 looks an awful lot like the language in the time to file a cert petition, which the Supreme Court has very emphatically said can't be told in civil cases as well. So the attempt to kind of parse out language and statute by statute is something we reject. And we think that the Supreme Court has rejected that approach in bold. Rather, in its first paragraph, Justice Thomas, in his decision, said, we have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature. He goes on throughout this opinion to note the breadth of this rule and the age of this rule. When Congress enacted 7266, they were doing so in the backdrop of all this existing precedent. Where this court went wrong, I think. And certainly, I think after Irwin, there may have been some room for confusion or disagreement about how the 100 years of precedent that Justice Thomas notes in bold would therefore be applied after Irwin. The court in Irwin, or I'm sorry, the court in Bailey interpreted Irwin to erase the distinction between time to review provisions and statute of Irwin's test should be applied to all timing provisions. And that's why it reached the result it did in Bailey. Bowles has to be read to cut back on that reading of Irwin. Otherwise, Bowles would just conflict with Irwin. And certainly, the Supreme Court didn't overrule Irwin in Bowles. The two are compatible. I mean, it's sort of odd that the Supreme Court, if it held your view, would have denied cert in Kirkendall. I mean, I understand the usual rule. It's not supposed to conclude anything from the denial of cert, but it certainly seems odd. Was there some, have you read the opposition to the cert petition in Kirkendall? To be candid, your honor, I read it at the time. I haven't reread the opposition in preparation for this on why the Supreme Court chose to deny cert and to deny a GBR, I guess, as they call it, a grant-bacon remand. I think it's just improper to read any speculation into it. Certainly, the government would have hoped- That may be true. I was curious, nonetheless. Was there, recall whether there was anything in the opposition arguing that this was the wrong vehicle or that there was a potential mootness question or anything like that? I don't, your honor, and I'd be happy to submit the opposition as a supplement if the court so orders, but I don't recall the specific opposition now. To address the other main point raised on our argument that 7266 is more like a statute of limitations than a timing or review provision, that's really just simply belied by the language of the text. It's a notice of appeal to a court of appeals that exercises an appellate function. The fact that it's the first review in a federal court doesn't turn it into a statute of limitation or a trial court. This court, in fact- What's your best case for that proposition? Well, there's a number of them, I think. First, the Supreme Court case in Stone is very good, and then this court's precedent in OHA, which in federal court, but nevertheless found that 5 U.S.C. 7703 was also not subject to equitable tolling. We recognize that the veteran system is unique, that the court of appeals as of Article 1 appellate court being reviewed by another Article 3 appellate court is a unique system. The fact that there are two appellate reviews doesn't turn the first court, the court of doesn't turn its timing or review statute into a statute of limitations. I want to ask you, if I could, a procedural question. You think that the court of appeals for veterans' claims got this correct, right? I think that they correctly concluded that BOLs requires reversal. You think they were right on the merits, but I think, in the sense I get from your brief, you would agree that in order for us to affirm that decision, we would have to take the case in bank. Can this panel assume for the moment we were to agree? That's just a hypothetical. In order to ultimately rule in your favor, doesn't the case have to go in bank? I think that's a hard question. Let me give you two answers. The difficult answer is no, because this court's precedent recognizes that although it's bound by prior precedent, when that prior precedent is overruled by Supreme Court precedent- Well, certainly where it's clearly overruled. I mean, there's no question we would not have to if they said the X case is overruled. We obviously don't have to do that. But here, I think the court said it's abrogated, the reasoning is cast into doubt. Now, you have arguments on your side. Mr. Henderson and the amicus has arguments on the other side, and their arguments certainly, while at the end of the day they may or may not prevail, they're certainly not frivolous, to say the least. And isn't there enough here to really to, in order for you to prevail? I think there is, Your Honor. I think the reason I said my first answer was the difficult one is that it obviously would be a difficult choice, I think, for the court to determine that Bowles directly overrules Bailey. I think that the reasoning in Bowles is emphatic enough that the court could do it, but certainly the more conservative course and probably the more consistent approach with the and Jacques Way in light of the very clear statements in Bowles. Let me ask you one other question. In that regard, if for the moment the court determined that the case should be, I guess, reheard en banc, because it would be a rehearing, we're hearing it today, and I would ask opposing counsel the same question, do you think new briefing from the parties would be required? My feeling is we have good briefing from both sides on the issue that we've been talking about today. Well, to the extent the court has any other questions that it might want to pose in an en banc order, certainly we'd be willing to provide additional briefs. I do think that the Veterans Court decision directly confronted the conflict between Bowles and Bailey, and I'm comfortable in the government's brief that it directly confronts the conflict as well. And we do essentially ask for Bailey to be overruled. So, although an opportunity for additional briefing wouldn't be objected to, of course, I'm happy to stand on the brief that we presented to the panel. One final... To the extent that one can see certain inequities for veterans who aren't represented by counsel suddenly told that by the time you need a lawyer and filed your appeal to the Veterans Court, it was fatally too late and unbridgeable, might be something that, if in fact generously construed, that's required by Bowles. Perhaps in view of the special situation of veterans, some sort of legislative statement applicable to the Veterans Court and, let's say, equitable tolling or whatever, or calling it a statute of limitations in these circumstances would favor the veteran. Is this something that's being considered, or are you waiting to see what happens in the courts? I don't know of any pending legislation that would allow any equitable exceptions to the that legislation did pass a couple of years ago that now allows veterans to be represented at the Board of Veterans' Appeals and get fees for their attorneys if they prevail. So, it is no longer the case that a veteran is required to go through the board process without an attorney and, therefore, also would have the opportunity of having an attorney prepare the notice of appeal and the like. So, the situation that's... How often is that happening? How often are during the VA process? Any answer I can give you on that, I think, is probably pretty speculative. It's a fairly new legislative fix, maybe in the past couple of years. My guess is, because it was very much pushed for by the veterans community and the veterans bar, that it's happening on a fairly regular basis. I don't have anything to back that up if the court wants us to provide some additional information. But the fact is that opportunity is there. There is a very active veterans bar. And the unique circumstances of this case where Mr. Henderson was not represented by counsel, nor could he have been represented by counsel, are not going to be in existence going forward. Your Honor, it's actually... It's not going to exist going forward if, in fact, the veterans choose to retain counsel at the VA. But we could still have a situation where the majority is underrepresented if they feel they don't want to do that for one reason or another. I see that I've exhausted my time, Your Honor. So... Please answer the question. Well, I don't really think I have a specific response there because I don't know that we know one way or another. There's a veterans consortium that tries diligently to provide counsel. But the same lack of counsel problem, or the choice not to take counsel, is applicable to all other timing review provisions and all other instances in which somebody may be deprived of life or liberty because they failed to file a timely notice of appeal because it was their choice not to get counsel. And this court and the Supreme Court have recognized that these common principles of law, like timing of appeal provisions and harmless error provisions, should be interpreted in the same way, not uniquely for the veterans context. Okay. Thank you, Mr. Hughes. Mr. Stover. Thank you, Your Honor. I'd like to start by addressing a point made by Judge Dyke a moment ago. I do have the answer to your question about the number of veterans that are not represented at the Court of Veterans' Appeals. According to the annual report of the CAVC for 2008, 64% of the veterans who appear in that court, who file a notice of appeal in that court, are unrepresented. 10 years ago, it was 65%. This figure of 64% is after the passage of the new legislation? That's correct, Your Honor. That's correct. And I think that that point takes us into something else. Why do we know why so many are unrepresented? Well, I think the answer to that is largely found in the analysis that this court did in the Barrett and Arbus decisions. Many of these individuals are disabled, many physically disabled, many mentally ill, and many of them have very meager means. And they are either not able to hire a lawyer because they don't have the faculties to do it, or they're unable to hire a lawyer because they don't have the means to do it. And so they simply proceed on a pro se basis. Most of these representations are done on a contingent fee basis, right? Or a pro bono basis. I can only tell you about the pro bono basis, Your Honor. I'm sorry. I don't know whether or not they're done on a contingent fee basis. So let me ask you what I was asking Mr. Hughes about. If a determination was made that this case should be reheard en banc, what is your view as to whether further briefing would be required? Your Honor, I would say that with respect to the parties, the answer that I would give would be the same as Mr. Hughes. If the court has specific questions, obviously we would be happy to have the opportunity to address those in further briefing. The only caveat I would make to standing on our existing briefs is I suspect that if the court does decide to hear this en banc, that there would be a number of veterans organizations who would like the opportunity to come in and file amicus mori. I was thinking just in terms of the parties. I mean, I think probably if the court did take the case en banc, there would be the opportunity provided for amici to come in. And I think, you know, again, unless you had specific questions you wanted us to answer, I think that the issue is adequately briefed. Given the teed up beyond amici. I think between Mr. Hughes' brief and our brief and the brief submitted on behalf of Mr. Halseth, it's well teed up. Oh, I was thinking of him as amicus. Is he? He is amicus. Yes, he is amicus. But what I'm talking about, and just to be clear, what I'm talking about is if the court does decide that it should go up en banc, I would hope that there be an opportunity for additional amici to come in. I understand. And I'm sorry, Judge, I thought you The reason I think that this issue of whether or not veterans are represented at the court below is important is because I think the issue of context is very important. And I'm going to take Mr. Hall's cue and argue what he's described as my best point. And that is that the benevolent paternalistic veteran system is, in fact, different. It's very different from the Merit Systems The VEOA was the issue in the Kirkendall case. That was the issue in the OJIC case. It's very different from the INS context. It's very different from the tax court. And it's different largely because veterans are not represented as a general matter in proceedings below. They're not represented at the Veterans Affairs regional offices. They're not represented at the Board of Veterans Appeals. And they're not represented at the Court of Appeals. And as a result, that context is different. And when you add to that the layer of the long line of Supreme Court precedent, well recognized by this court, about the benevolent and protective nature of the VA system, it seems to me there's no doubt that 7266 has to be read as broadly as possible to allow as many veterans as possible to appeal their claims. But isn't it the case that they are mostly represented once they get to the Court of Appeals for veterans claims? Your Honor, again, the statistic that I have is that 64%- I don't mean on the notice of appeal. I mean- Understood. And I don't have, I don't know what the number is from the annual report of the CAVC on that issue. And I'm not even sure that the CAVC reports on that. So I can't answer the question. Is it the fact that you didn't show me where in Jockway we call it a stanchial limitation? I was just going to go back to that point, Your Honor. I was just going to go back to that point. And I will tell you, I must confess, my statement was too broad. My statement was too broad. What the Jockway Court says, and what we say in our brief, is that the clear implication of the en banc decision in Jockway is that 7266 is a statute of limitations. And the reason why I say it's a clear implication is because the court points to the Burnett case, which was a FELA case. And it says that 7266 is like the statute in that case, and that was a statute of limitations. So that is why my enthusiasm got the better of me, and I overstated it. Okay. Thank you. Thank you, Mr. Stover and Mr. Futaro and Mr. Hughes. The case is taken under submission.